| | |
|---|---|
| VIRGIL HILL<br>412 East Montrose Lane<br>Smithville, New Jersey 08205<br><br>    Plaintiff,<br><br>v.<br><br>CECILE D. BARKER<br>300 South Pointe Drive<br>PH #4005<br>Miami, Florida 33139,<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | IN THE DISTRICT COURT<br>DISTRICT OF MARYLAND<br><br>CIRCUIT COURT<br>2005 APR 15 P 3: 21<br>FOR<br>CLERK'S OFFICE<br>AT GREENBELT<br>PRINCE GEORGE'S<br>BY_____DEPUTY<br>COUNTY<br><br>Case no.<br><br><br>**JURY TRIAL PRAYED** |

\* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Virgil Hill, by and through his attorneys, Donna M.B. King, Steven D. Silverman and Silverman Thompson & White, LLC, sues Defendant Cecile D. Barker, and states as follows:

### FACTS COMMON TO ALL COUNTS

1.  Plaintiff Hill is a former World Boxing Association Cruiserweight Titleholder and a resident of the State of New Jersey.

2.  Defendant currently resides in the State of Florida; however, at times relevant herein Defendant conducted business from an office in Greenbelt, Prince George's County, Maryland.

3.  In or around September 2000, Plaintiff and Defendant began negotiations for Defendant to act as Plaintiff's manager or promoter for Plaintiff's boxing career.

4.  In or around late November 2000, Plaintiff and Defendant agreed that Defendant would, along with business partner Jeffrey Jackson, act as exclusive promoter to Plaintiff.

5. Defendant also represented himself as a promoter of boxing matches, and as someone with the ability to promote professional boxers.

6. Defendant's work as a promoter for Plaintiff was to begin after a boxing match scheduled between Plaintiff and Fabrice Tiozzo for the World Boxing Association Cruiserweight Title.

7. On December 9, 2000, the boxing match between Plaintiff and Mr. Tiozzo took place, with Plaintiff winning the bout. Upon winning this bout, Plaintiff became the holder of the WBA Cruiserweight Title.

8. Defendant promised to pay Plaintiff certain agreed upon amounts. Defendant paid Seventy-Five Thousand Dollars and No Cents ($75,000.00) to Plaintiff as advance and bonus payments.

9. In accordance with the agreement made between Plaintiff and Defendant, Defendant was responsible after December 9, 2000 for promoting Plaintiff in boxing matches. Plaintiff became highly marketable by virtue of his standing as the WBA Cruiserweight Titleholder.

10. Despite assurances to Plaintiff, Defendant failed to set up any boxing matches.

11 Plaintiff did not participate in any boxing matches from December 10, 2000 until February 23, 2002. Plaintiff had no income from boxing during that period of time and was forced to borrow money for basic living expenses.

## COUNT I
### Breach of Contract

12. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 11 of this Complaint with the same effect as if herein fully set forth.

13. Plaintiff entered into a contract with Defendant for the purpose of Defendant promoting Plaintiff in boxing matches.

14. Defendant failed to either set up any boxing matches on Plaintiff's behalf or pay the agreed upon amounts if no bouts were set, in material breach of his obligation to Plaintiff.

15. Plaintiff fully performed his obligations under the agreement and satisfied all conditions of the contract.

16. As a result of Defendant's material breach of its obligation to Plaintiff, Plaintiff suffered loss of income and related damages.

WHEREFORE, this suit is brought and Plaintiff Virgil Hill claims Three Million Dollars ($3,000,000.00) in damages against Defendant Cecile D. Barker, plus interest and costs.

## COUNT II
### Negligent Misrepresentation

7. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 11 of this Complaint with the same effect as if herein fully set forth.

18. Defendant represented himself as a promoter of boxing matches, as someone with the ability to promote professional boxers, and promised certain income to Plaintiff. Defendant had a duty of care to Plaintiff in making such representations.

19. Defendant in fact did not have the ability to promote boxing matches or otherwise promote professional boxers.

20. It was the intention of Defendant that Plaintiff act or rely upon the representations in order to induce Plaintiff to permit Defendant and Jackson, together in a partnership, to act as exclusive promoters.

21. Defendant knew that Plaintiff would rely upon Defendant's representations, and, if erroneous, would cause damages to Plaintiff.

22. Plaintiff was justified in relying on Defendant's misrepresentations.

23. Plaintiff suffered damages caused by Defendant's misrepresentations.

**WHEREFORE**, this suit is brought and Plaintiff Virgil Hill claims Three Million Dollars ($3,000,000.00) in damages against Defendant Cecile D. Barker, plus interest and costs.

_____
Steven D. Silverman
Donna M.B. King
SILVERMAN THOMPSON & WHITE, LLC
201 North Charles Street, Suite 2600
Baltimore, Maryland 21201
(410) 385-2225

*Attorneys for Plaintiff Virgil Hill*

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury on all issues herein.

_____
Donna M.B. King

DKC 05 CV 1037

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2005 APR 15 P 3: 21

CLERK'S OFFICE
AT GREENBELT
BY _____ DEPUTY

Circuit Court for **Prince George's County**
City or County

## CIVIL–NON-DOMESTIC CASE INFORMATION REPORT

*Directions:*
  *Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.
  *Defendant:* You must file an Information Report as required by Rule 2-323(h).
  **THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.**

FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT   CASE NUMBER: _____ (Click to insert)
CASE NAME: Virgil Hill                             v.  Cecile D. Barker
            Plaintiff                                    Defendant
JURY DEMAND: ☒ Yes ☐ No    Anticipated length of trial: ___ hours or ___ days
RELATED CASE PENDING? ☐ Yes ☒ No    If yes, Case #(s), if known: _____

Special Requirements? ☐   Interpreter/communication impairment   Which language _____
(Attach Form 1-332 if Accommodation or Interpreter Needed)      Which dialect _____
                      ☐   ADA accommodation: _____

### NATURE OF ACTION (CHECK ONE BOX)

| TORTS | LABOR | A. TORTS | |
|---|---|---|---|
| ☐ Motor Tort | ☐ Workers' Comp. | **Actual Damages** | |
| ☐ Premises Liability | ☐ Wrongful Discharge | ☐ Under $7,500 | ☐ Medical Bills |
| ☐ Assault & Battery | ☐ EEO | ☐ $7,500 - $50,000 | $ _____ |
| ☐ Product Liability | ☐ Other | ☐ $50,000 - $100,000 | ☐ Property Damages |
| ☐ Professional Malpractice | **CONTRACTS** | ☐ Over $100,000 | $ _____ |
| ☐ Wrongful Death | ☐ Insurance | | ☐ Wage Loss |
| ☒ Business & Commercial | ☐ Confessed Judgment | | $ _____ |
| ☐ Libel & Slander | ☒ Other Promotion | | |
| ☐ False Arrest/Imprisonment | **REAL PROPERTY** | **B. CONTRACTS** | **C. NONMONETARY** |
| ☐ Nuisance | ☐ Judicial Sale | | |
| ☐ Toxic Torts | ☐ Condemnation | | |
| ☐ Fraud | ☐ Landlord Tenant | ☐ Under $10,000 | ☐ Declaratory Judgment |
| ☒ Malicious Prosecution | ☐ Other | ☐ $10,000 - $20,000 | ☐ Injunction |
| ☐ Lead Paint | **OTHER** | ☒ Over $20,000 | ☐ Other _____ |
| ☐ Asbestos | ☐ Civil Rights | | |
| ☐ Other | ☐ Environmental | | |
| _____ | ☐ ADA | | |
| | ☐ Other | | |

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION
Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
  A. Mediation    ☒ Yes ☐ No        C. Settlement Conference  ☒ Yes ☐ No
  B. Arbitration  ☐ Yes ☒ No        D. Neutral Evaluation     ☒ Yes ☐ No

### TRACK REQUEST
With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL. THIS CASE WILL THEN BE TRACKED ACCORDINGLY.
  ☐ ½ day of trial or less        ☒ 3 days of trial time
  ☐ 1 day of trial time           ☐ More than 3 days of trial time
  ☐ 2 days of trial time

PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY.

Date 12/8/04    Signature *Donna L.L. King*

Effective January 1, 2003        Page 1 of 2

DKC 05 CV 1037

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2005 APR 15 P 3: 21

CLERK'S OFFICE
AT GREENBELT
BY_____ .DEPUTY

# BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.

☐ **Expedited**
Trial within 7 months of
Defendant's response

☐ **Standard**
Trial - 18 months of
Defendant's response

☐ EMERGENCY RELIEF REQUESTED _____

_____     _____
Signature                   Date

**IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.**

## CIRCUIT COURT FOR BALTIMORE CITY (check only one)

☐ Expedited — Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short — Trial seven months from Defendant's response. Includes torts with actual damages up to $7,500; contract claims up to $20,000; condemnations; injunctions and declaratory judgments.

☐ Standard-Medium — Trial 12 months from Defendant's response. Includes torts with actual damages over $7,500 and under $50,000, and contract claims over $20,000.

☐ Standard-Complex — Trial 18 months from Defendant's response. Includes complex cases requiring prolonged discovery with actual damages in excess of $50,000.

☐ Lead Paint — Fill in: Birthdate of youngest plaintiff _____.

☐ Asbestos — Events and deadlines set by individual judge.

☐ Protracted Cases — Complex cases designated by the Administrative Judge.

## CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is **not** an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.
☐ Liability is not conceded, but is not seriously in dispute.
☒ Liability is seriously in dispute.

## CIRCUIT COURT FOR BALTIMORE COUNTY

☐ Expedited (Trial Date-90 days) — Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☐ Standard (Trial Date-240 days) — Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, Intentional Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.

☐ Extended Standard (Trial Date-345 days) — Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.

☐ Complex (Trial Date-450 days) — Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases.