```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

VIRGIL HILL                    :

                               :

    v.                         :  Civil Action No. DKC 2005-1037

                               :

CECILE D. BARKER               :

                               :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiff Virgil Hill's Motion to Remand. The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I.   Background**

Cecile D. Barker, Defendant, removed this action from the Circuit Court for Prince George's County on April 15, 2005, on the basis of diversity of citizenship. The complaint had been filed in the Circuit Court on December 8, 2004. The Notice of Removal recites that Defendant agreed that counsel could accept service, and thus that he was served on April 14, 2005, when his counsel received the service documents. The Statement Regarding Removal recites that, on April 6, 2005, counsel agreed that counsel would accept service for Mr. Barker "in lieu of

litigating whether an earlier attempt to serve Mr. Barker on or about March 14, 2005 was defective." Paper 10, ¶ 3.

Plaintiff contends that, after failed attempts at personal service, Plaintiff sent a copy of the summons and complaint by certified mail, restricted delivery on March 11, 2005, to Cecil D. Barker, 300 South Pointe Drive, PH # 4005, Miami, Florida 33139.  A return receipt dated March 14, 2005 is attached to an affidavit of service.[1]  Counsel for Defendant telephoned counsel for Plaintiff on or about April 6, 2005, and they agreed that counsel would accept another copy of the summons and complaint, which was sent on April 12, 2005.  *See* Paper 4.

Plaintiff contends that service was complete on March 14, and that the notice of removal filed April 15 was beyond the thirty day period provided in 28 U.S.C. § 1446(a).

Defendant mounts several arguments in opposition.  First, Defendant asserts that Plaintiff agreed to service through counsel on April 6, not as second service, but to assure proper service, and should be held to the "bargain."  Second, Defendant contends that the mailing in March was not effective service under Maryland law, because Defendant did not sign the return receipt and no agent for service existed on March 14, citing

---

[1] The signature is not legible and no name is printed in the space provided.  The boxes for "Agent" and "Addressee" are blank.

2

*Gant v. Kant*, 314 F.Supp.2d 532 (D.Md. 2004).  Third, Defendant posits that the time for removal did not begin to run until proper service on April 14, even if he received the complaint earlier.  Fourth, Defendant urges that removal was timely even if proper service occurred on March 14 because three days are added under Fed.R.Civ.P. 6(e).  Finally, Defendant argues that he did not attempt to evade service in this case.

Plaintiff replies that counsel only agreed to serve Defendant through counsel "solely to assure proper service in the face of Barker's counsel's apparent confusion as to whether Barker was served."  Paper 17 at 1.  Because no mention of removal was made, Plaintiff suggests that there might have been an attempt to "trick" Plaintiff into starting the thirty day removal period anew.  Second, Plaintiff questions how Defendant even knew of the suit if he was not served in March.  He argues that there is a presumption that a person who signs a certified mail receipt is an agent of the named addressee, citing *Academy of IRM v. LVI Environmental Services, Inc.*, 344 Md. 434, 687 A.2d 669 (1997).  Third, Plaintiff states that the time for removal runs from receipt through service on March 14.  Fourth, Plaintiff disputes that three days are added when service is accomplished by certified mail and there is evidence of the

3

actual date of receipt.  Finally, Plaintiff continues to claim that Defendant evaded service.

## II.   Standard of Review

> A defendant seeking to remove a civil action from a state to a federal forum must do so within the time limits established by 28 U.S.C. § 1446(b), which, in pertinent part, provides as follows:
> The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
> 28 U.S.C. § 1446(b).  The advocate of the federal forum carries the burden of demonstrating compliance with the 30-day removal period mandated by Section 1446(b). *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Kluksdahl v. Muro Pharmaceutical, Inc.*, 886 F.Supp. 535, 537 (E.D.Va. 1995).  Because the removal statute is to be construed narrowly and against removal, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), doubts are "resolved against the proponent of the federal forum." *Kluksdahl*, 886 F.Supp. at 537; *see Murphy v. Allora*, 977 F.Supp. 748, 750 (E.D.Va. 1997).

*Leverton v. AlliedSignal, Inc.*, 991 F.Supp. 481, 482-83 (E.D.Va. 1997).

## III.   Analysis

The time for removal runs from receipt of a complaint and summons through service.  Informal receipt of a complaint is not

4

sufficient.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-53 (1999).  Thus, it does not matter when Defendant first received notice, unless it was through proper and effective service.  *Id*.  As will be seen, it will only be necessary to decide whether Plaintiff's attempted service by certified mail was effective.  The resolution of this issue moots the other arguments.

Plaintiff has provided *prima facie* evidence that service was accomplished by certified mail.  Maryland courts have indicated that the signature on the return receipt creates a presumption in favor of Plaintiff because postal regulations require that the item be delivered only to the addressee or an authorized agent.  Addressing the issue of effective service by mail, the Maryland Court of Appeals has stated:

> Postal regulations providing an optional service of restricted delivery of registered or certified mail do, however, offer a solution to the problem of proof of service. For an additional fee, a person mailing a letter may direct that the letter be handled as registered or certified mail, that the letter may be delivered only to the addressee or his duly authorized representative, and that the person accomplishing delivery return a receipt to the sender bearing the signature of the person receiving the letter and showing the date and address of delivery. *See* 39 C.F.R. § 111.1 incorporating by reference the provisions of the Domestic Mail Manual. *See* in addition, the following sections of the

5

> Domestic Mail Manual: § 911 registered mail; § 912 certified mail; § 915 return receipts; and § 916 restricted delivery. When process is mailed in this fashion a return that includes a postal receipt bearing the signature of the defendant or his authorized agent and a copy of the process that was mailed is filed, and the court can proceed with a high level of confidence that the requisite notice has been given. Service by registered or certified mail should be regarded as efficacious [as personal service] from a constitutional perspective to evoke personal jurisdiction since the return receipt normally guarantees that defendant or someone related or associated with him has received the process. 4 Wright and Miller, *Federal Practice and Procedure* (1987), § 1074 at p. 457-58.

*Miserandino v. Resort Properties, Inc.*, 345 Md. 43, 58-59, 691 A.2d 208, 215 (Md. 1997). Moreover, in *Academy of IRM,* 344 Md. at 446-47, 687 A.2d at 675, the Court of Appeals recognized:

> The provision in Md.Rule 2-121(a) for service by certified mail with "Restricted Delivery" necessarily contemplates deliveries that are consistent with the requirements and practices of the United States Postal Service for that type of mail. The Domestic Return Receipt, Postal Service Form 3811 of February 1986 that was filed in this case, directs the letter carrier "[a]lways [to] obtain signature of addressee or agent . . . ."

Any such presumption is, however, rebuttable. In this case, Defendant has provided a declaration that he did not sign the receipt and had not appointed an agent for that purpose as of

March 14.  *See* Paper 16, Ex. A, ¶ 3.  Other courts have found that such evidence rebuts the otherwise applicable presumption:

> Plaintiff offered no evidence to contradict Defendant's affidavits.  Defendant has rebutted the presumption that Plaintiff's attempted service was proper under North Carolina Rule of Civil Procedure 4(j)(6)(c). *See Tinkham v. Hall*, 47 N.C.App. 651, 653, 267 S.E.2d 588, 590 (1980) (holding that attempted service of process upon defendant corporation by delivering copies of summons and complaint to individual who at that time was neither an agent of the defendant corporation nor authorized to receive service of process on its behalf was insufficient).

*Triad Motorsports, LLC v. Pharbco Marketing Group, Inc.*, 104 F.Supp.2d 590, 595-96 (M.D.N.C. 2000). Likewise, Plaintiff here has not sought to counter Defendant's declaration either with evidence that the signature is that of Defendant or that the person who signed was an agent at the time.  Defendant has, thus, met his burden of proof that service was not effective until accomplished on April 15, and removal was timely. Accordingly, Plaintiff's motion to remand will be denied.

A separate Order will follow.

                                                           _____/s/_____
                                                    DEBORAH K. CHASANOW
                                                    United States District Judge

May 26, 2005