```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

VIRGIL HILL                     :

                                :

   v.                           : Civil Action No. DKC 2005-1037

                                :

CECILE D. BARKER                :

                                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Breach of Contract Action is Plaintiff's motion for leave to amend complaint and to modify scheduling order to allow the filing of the motion. The issues are briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the court will deny the motion.

**I. Background**

On July 5, 2005, Plaintiff filed a motion for leave to file an amended complaint and to modify scheduling order. Plaintiff, whose original complaint alleges breach of contract and negligent misrepresentation, seeks to add claims for breach of fiduciary duty, intentional misrepresentation, constructive fraud, civil conspiracy, and aiding and abetting. The only proposed change to the fact section of the complaint is to add an allegation that Defendant represented himself as a manager, as well as a promoter, of boxing matches.

The Scheduling Order set June 6, 2005, as the deadline for all motions to join parties and amend pleadings.  While other deadlines have been extended on joint motion, the parties did not seek an extension of the already expired time for amendment. Plaintiff missed the filing deadline for moving for leave to amend by thirty days.  Counsel asserts that the additional claims were not brought earlier because counsel needed to obtain more information before being able to meet the pleading requirements for fraud and fraud related claims.  Some of the information was obtained from a deposition of Defendant taken in another action brought by Plaintiff (through other counsel) against another person, Jeffrey Jackson, and his company.  The documents with that information came into Plaintiff's current counsel's possession in early June.  Defendant's counsel was advised on June 16, 2005, that Plaintiff would likely seek to amend the complaint and sought consent. Counsel was on vacation the following week.  Upon his return, counsel again contacted Defendant's counsel to see if consent was forthcoming.  When no response was received, the motion was filed.

**II. Standard of Review**

A party may move to amend a complaint pursuant to Rule 15(a) and "leave shall be freely given when justice so requires." FED.R.CIV.P. 15(a).  Under Rule 15(a), "[t]he decision to grant

a party leave to amend its pleadings rests within the sound discretion of the district court." *Healthsouth Rehab. Hosp. v. Am. Red Cross*, 101 F.3d 1005, 1010 (4th Cir. 1996), *cert. denied*, 520 U.S. 1264 (1997), *citing Sandcrest Outpatient Serv. v. Cumberland County Hosp. Sys.*, 853 F.2d 1139, 1148 (4th Cir. 1988).  The general and oft-cited rule is that leave sought should be freely given, "in the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc..."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While a motion to amend a complaint after the deadline triggers Fed.R.Civ.P. 15(a) governing amendments to pleadings, it also triggers Fed.R.Civ.P. 16(b) governing modification to a scheduling order.  The standards for satisfying the rules are at odds. *See Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373 (D.Md. 2002).  According to Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . .".

Neither the Fourth Circuit nor the Supreme Court has dealt decisively with the interplay of these two rules when a motion to amend is made after the deadline set in the scheduling order

3

has passed.[1]  However, this court has previously applied a "two step" analysis:

> Once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under 15(a).

*Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992) (applying "two step" analysis to deny motion to amend for lack of good cause).

**III. Analysis**

In the present context, the Rule 16(b) analysis is less concerned with the substance of the proposed amendment. Instead, Rule 16(b)'s "good cause" standard focuses on the timeliness of the amendment and the reasons for its tardy submission.  Because a court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril,'" *Potomac Elec. Power Co.*

---

[1] In an unpublished opinion, *Lone Star Indus., Inc.*, 19 F.3d 1429, *11 (4th Cir. 1994) (table), the Fourth Circuit refused to consider whether the district court was correct to link Rule 15(a) and 16(b) because it concluded that the amending party met both standards.  In a subsequent unpublished opinion, *Naden v. Saga Software, Inc.*, No. 00-2549, 2001 WL 672071, at 383 (4th Cir. June 15, 2001), the court applied the two-phase test.

4

*v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375-376 (D.Md. 1999), quoting *Gestetner v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D.Me. 1985), a movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order.

In an unpublished opinion, the Fourth Circuit held that a party is not dilatory where *some* of the evidence needed to prove a new claim does not surface until after the amendment deadline, and this fact alone justifies a finding of good cause under Rule 16(b). *Lone Star Indus., Inc.*, 19 F.3d 1429 (4th Cir. 1994) (table), *citing Forstmann v. Culp*, 114 F.R.D. 83, 86 n.1 (M.D.N.C. 1987) ("'Good cause' for modifying the scheduling order might exist if ... plaintiff uncovered previously unknown facts during discovery that would support an additional cause of action"); *cf. Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1044 (4th Cir. 1984) (finding abuse of discretion in refusal to permit amendment of complaint where evidence for amendment was discovered shortly before trial).

All the events underlying this present law suit occurred in the fall of 2000. Plaintiff sued Jackson in the District of Columbia in 2002. Nothing "learned" recently was unavailable to Plaintiff before this suit was filed. While new counsel did not possess all the information, there is no explanation why

5

Plaintiff himself waited so long, especially when he sued another person on the same claim.  The moving papers contain absolutely no explanation for the delay in seeking to sue Cecile D. Barker, or in consulting new counsel to do so.  The delay was entirely of Plaintiff's own making.  No information was received from Defendant in this action after the amendment deadline.

**IV. Conclusion**

Thus, the court finds, under both Rule 16(b) and Rule 15(a), that Plaintiff has unduly delayed in seeking to bring the amended claims, and had ample time to develop the underlying facts prior to bringing this action or by the amendment deadline, and thus the court denies Plaintiff's motion to amend the scheduling order and to amend the complaint.  A separate Order will follow.

　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　DEBORAH K. CHASANOW
　　　　　　　　　　　　　　　United States District Judge

　　　　　　　　　　　　　　　August 31, 2005